The document below is hereby signed.

Signed: May 15, 2013



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DAKARAI URQUHART, | ) | Case No. 13-00167 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER RE
DEBTOR'S MOTION TO RECONSIDER THE DISMISSAL

The debtor has filed *Debtor Motion to Reopen Case Chapter 7* (Dkt. No. 22). Because the case has not been closed, this court will treat the filing as a motion for relief from a final judgment or order pursuant to Federal Rule of Bankruptcy Procedure 9024 (which incorporates Federal Rule of Civil Procedure 60).[1] The court dismissed the debtor's case because he did not obtain prepetition credit counseling as required by 11 U.S.C. § 109(h). *See Order Dismissing Case* (Dkt. No. 20). For

---

[1] To the extent this motion can be construed as a motion to reconsider the court's order dismissing the case, pursuant to Federal Rule of Bankruptcy Procedure 9023, the motion must be denied as untimely. A motion to reconsider under Rule 9023 must be filed within 14 days after entry of the order.

the reasons that follow, the debtor's motion does not give sufficient grounds for vacating the dismissal, and his motion will be denied.

I

Under Rule 60, the court may relieve a party from a final order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; (6) any other reason that justifies relief.

II

The debtor attached to his motion a certificate of counseling dated April 30, 2013.  However, the debtor filed his chapter 7 bankruptcy petition on March 19, 2013, and, consequently, the credit counseling was obtained postpetition and not prepetition as required by 11 U.S.C. § 109(h). Therefore, the debtor was not eligible to be a debtor in bankruptcy at the time he filed his bankruptcy petition and his case was properly dismissed.

The debtor's motion states: "At the time I filed I had a [sic] emergency and had no choice but to file without proper debt counseling but on April 30 2013 I completed counseling[.]"

2

But this statement is not consistent with the debtor's Exhibit D, filed on March 19, 2013, in which he indicated that he had obtained prepetition credit counseling.  Moreover, he did not request an exigent circumstances waiver in his Exhibit D.  *See Exhibit D* (Dkt. No. 3).  It is now too late to request a waiver of the prepetition credit counseling requirement.  In any event, a waiver of the prepetition credit counseling requirement applies only for the first 30 days after the debtor files a petition (except that the court, for cause, may order an additional 15 days), *see* 11 U.S.C. § 109(h)(3)(B), and here the debtor did not obtain his credit counseling until 42 days after he filed his petition.

### III

The debtor's motion does not show that he is entitled to relief from the order of dismissal.  Accordingly, it is

ORDERED that the debtor's *Motion to Reopen Case* (Dkt. No. 22) is DENIED.

[Signed and dated above.]

Copies to: Debtor; Recipients of e-notification of orders.